## Herr *v.* Greenwich Insurance Company.

*Insurance—Fire insurance—Adjustment of loss.*

In an action upon policies of fire insurance where it appears that one of the policies was for a specific amount on fixtures, and specific amount on stock, and that the other was a blanket policy covering both fixtures and stock, and it appears that the adjusters of the two companies figured on the loss, the amount of which was refused by the insured, and that they subsequently increased the amount which was accepted by and paid to the insured, and it also appears that while there was no distinct agreement as to the loss on fixtures, there was a provisional adjustment as to the loss on fixtures and stock respectively, to which a supplemental amount was added to procure a compromise settlement, a decree of the court apportioning on the provisional figures, contribution to the amount paid for compromise, will be sustained.

Argued March 11, 1902.   Appeal, No. 19, March T., 1902, by New York Underwriters Agency, from order of C. P. Cumberland Co., Sept. T., 1901, No. 108, awarding contribution in case of W. W. Herr v. Greenwich Insurance Company of the City of New York and the New York Underwriters Agency. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit upon policies of fire insurance.

From the record it appeared that W. W. Herr owned a store and that the Greenwich Insurance Company had issued to him a policy of fire insurance for $1,000—$500 on store fixtures and $500 on stock.   The New York Underwriters Agency issued to him a general policy for $1,500 covering both fixtures and stock.   A fire occurred and the property was destroyed.   The adjusters of the two companies adjusted the loss at $1,638.13. This amount was refused.   The adjusters thereupon, in order to effect a compromise, offered $1,850.   Of this amount the New York Underwriters Agency paid $1,110, and the Greenwich Insurance Company $575.65.   Herr then sued the two companies for the balance $164.35.   Judgment was entered against both defendants for $164.35 for want of an affidavit of defense, and this amount was subsequently paid by the Greenwich Company.

170     HERR *v.* GREENWICH INS. CO.

Statement of Facts—Opinion of Court below. [20. Pa. Superior Ct.

The two companies thereupon entered into an agreement as follows:

That the Greenwich Insurance Company claims from the New York Underwriters Agency the said sum of $164.35 with costs, as being the amount which the said New York Underwriters Agency should have paid to said W. W. Herr, and the said Greenwich Insurance Company claims contribution from the New York Underwriters Agency in the amount above stated.

It is agreed that the court shall pass upon the depositions of witnesses filed and herewith presented, and shall therefrom determine the facts and enter a decree or order against either one or both of said defendants for such amount as the court shall find should have been paid by each or both companies. The costs to follow the suit and either party reserving the right to sue out a writ of error thereon.

E. W. BIDDLE, P. J., filed the following opinion:

As the amount of insurance in this case exceeded the loss, and the amount of the loss has been amicably adjusted and paid to the insured, no question remains except in regard to the relative liability of the two defendants. The apportionment contended for by the New York Underwriters Agency is manifestly not correct, because the policy issued by the Greenwich Insurance Company is treated therein as if it were a blanket policy of $1,000 upon the stock of merchandise and the fixtures, whereas it expressly places only $500 of insurance upon each of said classes. As all of the property destroyed was covered by both blanket and specific policies, it might be urged with great force that the New York Underwriters Agency is liable for three fourths of the damage done to each class. The Greenwich Insurance Company, however, does not ask such apportionment, but claims upon another theory less burdensome to its coinsurer, which we think leaves the latter without any just ground of complaint.

After a careful examination of the depositions and exhibits, we find as a fact that neither the amount of the loss on merchandise or on fixtures was agreed upon prior to the final settlement, consequently the Greenwich Insurance Company was in error in treating the compromise sum of $211.87 as if it were

exclusively part of the merchandise loss. It should have been prorated between the amounts which had been provisionally figured out as representing the respective losses on the two classes, and for that reason we hereby amend the calculation upon which the claim of the Greenwich Insurance Company is founded, as follows :

| | | |
|---|---:|---:|
| Estimate of loss on merchandise. . | $1,283 73 | |
| Add proportion of compromise sum | 166 03 | |
| | | $1,449 76 |
| Estimate of loss on fixtures....... | $ 354 40 | |
| Add proportion of compromise sum. | 45 84 | |
| | | 400 24 |
| Total loss................ | | $1,850 00 |
| Of this the New York Underwriters Agency should pay : ¾ of merchandise loss ($1,449.76)............... | | 1,087 32 |
| Also the proportion of the fixtures loss ($400.24) which the balance of its policy ($412.68) bears to the sum of $912.68..................... | | 180 97 |
| Total liability ............. | | $1,268 29 |
| Deduct sum already paid......... | | 1,110 00 |
| Balance due............. | | $ 158 29 |

And now, September 3, 1901, it is ordered and decreed that the sum of $158.29 of the judgment in this case, with interest and one half of the costs, shall be for the use of the Greenwich Insurance Company of the city of New York against the New York Underwriters Agency.

*Error assigned* was the order of the court.

*Conrad Hambleton,* of *Weitzel & Hambleton,* for appellant.— Contribution was improperly awarded : Sloat v. Royal Ins. Co., 49 Pa. 18 ; Clarke v. Western Assurance Co., 146 Pa. 561 ; West Branch Lumberman's Exchange v. American Central Ins. Co., 183 Pa. 366.

*C. H. Bergner,* for appellee, cited : Ogden v. East River Ins. Co., 50 N. Y. 390 ; Nicolet v. Ins. Co., 3 La. O. S. 366 ; Rix v.

Mutual Ins. Co., 20 N. H. 198 ; Merrick v. Germania Ins. Co., 54 Pa. 277.

OPINION BY WILLIAM W. PORTER, J., April 21, 1902:

The Greenwich Insurance Company of the city of New York issued to one, Herr, a specific policy of fire insurance for $1,000, —$500 on store fixtures and $500 on stock. The New York Underwriters' Agency issued to Herr a general policy for $1,500, covering both fixtures and stock. A fire occurred. Herr claimed a loss of $2,000. The adjusters of the two companies figured on the loss and made it $1,638.13. This amount the insured refused. The adjusters, in order to effect a compromise, offered $1,850. This was accepted by, and was paid to, the insured. By agreement of counsel, the court below was requested to determine in what proportions the two companies should contribute to this payment, having regard to the facts that one policy was specific and the other blanket and that the loss on fixtures and stock was unequal in amount. The depositions submitted to the court showed that there had been some preliminary figuring by the adjusters both upon the loss on fixtures and upon the loss on stock. The adjuster of the Greenwich company testified that the loss on fixtures was ascertained and tacitly agreed to by the adjuster of the New York Underwriters' Agency. This was denied by the latter. The court in effect found that there was no distinct agreement as to the loss on fixtures, but that there was a provisional estimate by the two adjusters as to the loss on fixtures and stock respectively, to which estimated amount a supplemental amount of $211.87 was added to procure a compromise settlement. On the provisional figures the court based a decree, apportioning contribution to the amount paid for compromise.

It is apparent that the insured has no interest in this controversy and that the subject of contribution by the two companies was submitted to the court below to be determined upon an equitable basis. In view of the testimony and the course pursued by the representatives of the two companies in this case, we regard the conclusion reached by the court below as equitable and, therefore, direct that the decree be and it hereby is affirmed.